UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ARLAND MITCHELL,

      Plaintiff,                     Case No. 25-10460
                                           Honorable Linda V. Parker

v.

ADAM DOUGLAS, et. al.,

      Defendants.

_____/

**OPINION AND ORDER PARTIALLY DISMISSING
THE CIVIL RIGHTS COMPLAINT AND DIRECTING THAT THE
REMAINDER OF THE COMPLAINT BE SENT TO PRISONER
MEDIATION**

This matter is before the Court on Plaintiff Gary Arland Mitchell's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.**

**I.      STANDARD**

Plaintiff has been permitted to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527,

2

535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a §

1983 claim, it must fail."  *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.    BACKGROUND

Plaintiff claims that on November 11, 2024, he sent a message or "kite" to

Defendant Buckley, the Chaplain at the Saginaw Correctional Facility, to ask him

if Plaintiff could be issued an electric guitar so that he and three other prisoners

could form a band and play in the prison gym.  Buckley apparently had the

authority to decide whether prisoners could have musical instruments or form

bands.  The next day, Plaintiff made the request in person to Buckley, who denied

the request.  Plaintiff pointed out to Buckley that Christians were allowed to have a

band in prison; Buckley again denied the request and told Plaintiff to file a

grievance if he didn't like the decision.  Plaintiff next filed his request with

Defendant T. Clark, the Special Activities Coordinator at the prison and she also

denied the request.

Plaintiff filed grievances with the prison grievance system, which were

denied by Defendant S. Flaugher, the grievance coordinator, and subsequently by

Defendant M. Godfrey, the Deputy Warden, and Defendant Adam Douglas, the

Warden of the Saginaw Correctional Facility.

Plaintiff alleges that the defendants have denied him equal protection and

have engaged in religious discrimination by denying him the right to an electric

guitar and to form a band, because Christians in the prison system are permitted to possess musical instruments and form bands. Plaintiff also claims that his right to access to the courts was violated by the denial of his grievances. Plaintiff seeks an injunction and monetary damages.

## III.   ANALYSIS

### A. The complaint is dismissed against Defendants Douglas and Godfrey.

The complaint must be dismissed against Defendant Douglas, the Warden at the Saginaw Correctional Facility, and Defendant Godfrey, the Deputy Warden, because Plaintiff failed to allege any personal involvement on the part of these defendants with the alleged unconstitutional deprivations.

A supervisory official cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Id.* (citing to *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)).

4

The complaint must be dismissed against Defendants Warden Adam Douglas and Deputy Warden M. Godfrey because Plaintiff failed to allege any personal involvement by these individuals with respect to the alleged constitutional violations.  The wardens' failure to act upon Plaintiff's complaints is insufficient to render them liable for these unconstitutional actions under § 1983.  *Combs,* 315 F.3d at 558.

### B. Wrongful Grievance Claim

Plaintiff is not entitled to relief on his claim that Defendant S. Flaugher, the grievance coordinator, and Defendants Douglas and Godfrey, wrongly denied his administrative grievances.  The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *see also Walker v. Michigan*

5

*Dept. of Corrections,* 128 F. App'x 441, 445 (6th Cir. 2005.)  In addition,

Michigan law does not create a liberty interest in a prison grievance procedure.

*Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Olim v.*

*Wakinekona*, 461 U.S. 238, 249 (1983)); *see also Proctor v. Applegate,* 661 F.

Supp. 2d 743, 767 (E.D. Mich. 2009) (internal citations omitted). The wrongful

grievance claim and Defendant Flaugher are dismissed from the complaint.

### C. Defendants Buckley and Clark

Plaintiff alleges that Defendants Buckley and Clark violated his right to

equal protection and to be free from religious discrimination by denying him

access to an electric guitar and to form a band with other inmates while permitting

Christian prisoners to be  given access to instruments and the right to form bands,

while non-Christian prisoners have not been permitted to do so.

The Equal Protection Clause of the Fourteenth Amendment states that no

State shall "deny to any person within its jurisdiction the equal protection of the

laws."  U.S. Const. Amend. XIV § 1.  To violate the Fourteenth Amendment's

Equal Protection Clause, the state must treat two groups of similarly situated

people differently.  *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432,

439 (1985).

"[T]o establish an equal protection violation, a plaintiff must establish more

than differential treatment alone—a discriminatory intent or purpose is required."

6

*Koger v. Mohr*, 964 F.3d 532, 544 (6th Cir. 2020) (quoting *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019)).  Discriminatory intent may be presumed, however, when a prison regulation burdens the exercise of a "fundamental right," such as the right to religious freedom.  *Maye*, 915 F.3d at 1085–86.

Plaintiff alleges that he and other non-Christian prisoners are being denied access to electric guitars or other instruments and the right to form a musical band, while Christian prisoners are being given the right to possess instruments and form bands.  Plaintiff's allegations, if true, state a valid equal protection and religious discrimination claim against Defendants Buckley and Clark.  Accordingly, Plaintiff may proceed with his claims against these two defendants.  *See Koge*r, 964 F.3d at 545 (inferring a discriminatory purpose sufficient to state an equal protection claim where a prisoner alleged that a prison regulation made "a facially discriminatory distinction between" religions, thus burdening the prisoner's "fundamental rights to religious freedom under the First Amendment") (quoting *Maye*, 915 F.3d at 1086).

## V.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT** the complaint is **DISMISSED IN PART WITH PREJUDICE** with respect to Defendants Adam Douglas, S. Flaugher, and M. Godfrey.

7

**IT IS FURTHER ORDERED** that the wrongful grievance claim is dismissed for failing to state a claim upon which relief can be granted.

**IT IS FURTHER ODERED** that Plaintiff's remaining claim, the equal protection claim against Defendants Buckley and Clark, **SHALL** be referred to the prisoner mediation program.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 18, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 18, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

8